IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE L. TURNER,

       **Petitioner,**

v.                                     **CIVIL ACTION NO. 5:08cv61**
                                                 **(Judge Stamp)**

WAYNE A. PHILLIPS,

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 28, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner, an inmate at the Morgantown Federal Correctional Institution is challenging the validity of a sentence imposed in the United States District Court for the Southern District of Alabama. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was convicted in the United States District Court for the Southern District of Alabama following a plea of guilty to conspiracy to distribute marijuana. On July 25, 2006, the petitioner was sentenced to 57 months imprisonment, 3 years supervised release, and a $100 Special Assessment. The petitioner did not appeal his conviction and sentence. However, on January 8, 2007, he filed a Motion to Vacate under 28 U.S.C. § 2255, which is still pending in the Southern

1

District of Alabama.[1]

In his pending petition before this Court, the petitioner alleges that he was improperly subjected to a two point gun enhancement. In support of this position, the petitioner alleges that he was not charged with possession of the gun found in the truck of his vehicle. Furthermore, the petitioner alleges that the gun was not in proximity to the drugs for which he was charged. Finally, he alleges that he was a law enforcement officer at the time of his arrest and was obligated by department policy and procedure to have the gun in his possession because he was in route to work. As relief, the petitioner requests that this Court remove the two point enhancement and/or make the appropriate reductions to his sentence.

### III. ANALYSIS

A motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

The undersigned finds that because the petitioner is attempting to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000). However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Here, the petitioner cannot meet that burden because he has a timely § 2255 petition pending before the sentencing court.

---

[1] See, United States v. Dwayne L. Turner, 1:05cr-00277-CB-M-1.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 24, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE