IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE L. TURNER,

    Petitioner,

v.                                        Civil Action No. 5:08CV61
                                                   (STAMP)
WAYNE A. PHILLIPS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Dwayne L. Turner, was sentenced to fifty-seven months of imprisonment by the United States District Court for the Southern District of Alabama following a plea of guilty to conspiracy to distribute marijuana. The petitioner did not appeal his conviction and sentence. Instead, the petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which at the time the petitioner filed this action, was pending in the United States District Court for the Southern District of Alabama.[2]

In the action currently pending before this Court, the petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his habeas petition, the petitioner alleges that his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] See United States v. Dwayne L. Turner, Criminal Action No. 1:05CR00277.

sentence was improperly increased by a two-point gun enhancement. The petitioner requests that the two-point enhancement be removed, or the appropriate reduction to his sentence be made, because he was not charged with possession of the gun which was found in his vehicle, the gun was not in proximity to the drugs connected to the criminal charges against him, and he was obligated by department policy and procedure to have the gun in his possession while en route to work as a law enforcement officer.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. The magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The time for objections has now passed, and no objections have been filed to date. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Application

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.3d 1160, 1162 (9th Cir. 1988)).

In this case, the petitioner's timely § 2255 petition was still pending before the sentencing court at the time the § 2241 was filed. Therefore, the petitioner is unable to meet his burden of establishing that a § 2255 petition is inadequate or ineffective. Accordingly, the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition with

prejudice because the petitioner's claims are not properly raised under § 2241 is not clearly erroneous.

IV. Conclusion

Because the petitioner has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

4

DATED:    August 28, 2009

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE